UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA SETLECH,<br><br>Plaintiff,<br><br>- against -<br><br>Interim Special Master August E. Flentje, Special Master Allison Turkel, in their capacities as Administrators of SEPTEMBER 11th VICTIM COMPENSATION FUND, an Administrative Agency of U.S. Department of Justice, and Pamela J. Bondi in her capacity as U.S. Attorney General, U.S. Department of Justice,<br><br>Defendants. | No. 25 Civ. 2581 (ALC) |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**


JAY CLAYTON
United States Attorney
Southern District of New York
*Counsel for the Defendants*
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-2734
E-mail: adam.gitlin@usdoj.gov

ADAM GITLIN
Assistant United States Attorney
– Of Counsel –

Defendants Special Master Allison Turkel, in her official capacity as Administrator of the September 11th Victim Compensation Fund ("VCF"), and Pamela Bondi, in her official capacity as the United States Attorney General (collectively, the "Government"), by their attorney, Jay Clayton, United States Attorney for the Southern District of New York, respectfully submit this reply memorandum of law in further support of their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed herein and in the Government's moving brief, *see* ECF No. 31 ("Gov. Br."), Plaintiff's Amended Complaint should be dismissed in its entirety.

## I. <u>Plaintiff Identifies No Waiver of Sovereign Immunity</u>

Plaintiff's opposition does not overcome the threshold defects identified in the Government's moving brief. At bottom, the opposition confirms that this case is an attempt to obtain judicial review of the VCF's denial of Plaintiff's claim and to recover money damages arising from that denial. That is precisely the type of suit Congress barred.

First, the opposition does not identify any proper waiver of sovereign immunity. Plaintiff argues that sovereign immunity does not bar her claims because the Special Master allegedly acted arbitrarily and capriciously. *See* ECF No. 33 ("Opp'n") at 7. But sovereign immunity turns on congressional consent to suit, not on whether a plaintiff believes that he or she is aggrieved. In other words, Plaintiff "confuses rights and remedies": even if Plaintiff believes that there was a "wrong" (which the Government denies), Plaintiff must still demonstrate a waiver of sovereign immunity "to pursue successfully the remedy" that she seeks. *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2d Cir. 2016). And as the Government's moving brief explained, Plaintiff has failed to do so.

Indeed, Plaintiff points to no statute that, in fact, waves sovereign immunity for a suit challenging a VCF eligibility determination. Nor could she. The Air Safety Act specifically

provides that the Special Master's determinations "shall be final and not subject to judicial review." Air Safety Act § 405(b)(3).[1] As the Government explained in its moving brief, courts have recognized that the Act "does not waive sovereign immunity, but instead explicitly preclude[s] judicial review" of such claims. *Rodriguez v. United States*, No. 21 Civ. 10679 (LTS), 2022 WL 280891, at *5 n.3 (S.D.N.Y. Jan. 31, 2022) (citation and internal quotation marks omitted). Plaintiff's opposition does not meaningfully rebut that statutory text.

Plaintiff's reliance on a law-review article, *The Sovereign Shield*, is misplaced, as it is not binding authority. Opp'n at 7 n.7–8; *cf. Lead Creation Inc. v. Hangzhou Yueji E-Com. Co.*, No. 22 Civ. 10377 (JMF), 2023 WL 7413835, at *4 n.3 (S.D.N.Y. Oct. 11, 2023) (noting that the parties cited no case in support of their argument and that the only concurring opinion the court identified was unpersuasive in part because it offered little analysis, cited no authority, and relied primarily on a law review article). In any event, that article concerns derivative sovereign immunity and the extension of immunity to private actors or contractors. Opp'n at 7 n.8. This case does not involve private actors.[2] Rather, the defendants here are a federal agency and federal officials. The article is therefore inapposite.

## II. <u>Plaintiff's FTCA and "Conflict of Laws" Arguments Do Not Create Jurisdiction</u>

Plaintiff's Federal Tort Claims Act ("FTCA") and "conflict of laws" discussion does not create jurisdiction. Opp'n at 8–9. Plaintiff invokes the FTCA as a supposed basis for waiver of

---

[1] The Air Safety Act, which is codified as a note to 49 U.S.C. § 40101, was amended in 2011 by the James Zadroga 9/11 Health and Compensation (Zadroga) Act, Pub. L. No. 111-347, 124 Stat. 3623 (2011), and again in 2019 by the Never Forget the Heroes: James Zadroga, Ray Pfeifer, and Luis Alvarez Permanent Authorization of the September 11th Victim Compensation Fund Act, Pub. L. No. 116-34, 133 Stat. 1040 (2019). *See, e.g.*, *In re Terrorist Attacks on Sept. 11, 2001*, No. 03 Md. 1570 (GBD) (SN), 2023 WL 2529061, at *2 (S.D.N.Y. Mar. 3, 2023) (summarizing amendments to the Air Safety Act). Those amendments do not affect the provisions of the Air Safety Act quoted in this brief. *See* 49 U.S.C. § 40101 note.

[2] To the extent the Plaintiff is continuing to pursue claims against officials in their individual capacities, those claims should be dismissed for the reasons set forth in the Government's moving brief. *See infra* Section VIII.

sovereign immunity or judicial review, but this action is not an FTCA negligence case; it is a challenge to a VCF benefits determination. As the Government's moving brief explained, Plaintiff sues "to dispute her adverse VCF decision and denial of compensation," and the Air Safety Act forecloses that suit. Gov. Br. at 10. Plaintiff's opposition does not identify any tort claim distinct from the denial of benefits or any basis for bypassing the Air Safety Act's specific jurisdictional and remedial structure. Plaintiff cannot repackage a barred challenge to a VCF determination as an FTCA claim simply by invoking the FTCA. The same is true of Plaintiff's assertion that the statute is confusing or internally inconsistent. Opp'n at 8–9. Whatever Plaintiff's policy disagreement with the Act, the governing text remains that VCF determinations are "final and not subject to judicial review." Air Safety Act § 405(b)(3).

## III. Plaintiff's Submission of a VCF Claim Bars This Suit

Plaintiff's opposition fails to rebut the Government's argument that her claims are barred by a statutory waiver of her right to sue. Plaintiff contends that the waiver she signed was ineffective, ambiguous, or part of a contractual breach. Opp'n at 9–13. But the Air Safety Act itself provides that "[u]pon the *submission* of a claim," the claimant "waives the right to file a civil action." Air Safety Act § 405(c)(3)(C)(i) (emphasis added); *see also* 28 C.F.R. § 104.61(a) ("Section 405(c)(3)(C) of the Act provides that upon the submission of a claim under the Fund, the claimant waives the right to file a civil action (or be a party to an action) in any Federal or State court."). The waiver thus arises by statute upon submission of a VCF claim. As the Second Circuit held, eligibility for compensation from the VCF is "conditioned upon a waiver by claimants of the right to file any civil action." *Schneider v. Feinberg*, 345 F.3d 135, 139 (2d Cir. 2003) (internal citation marks omitted). And the Second Circuit has already held that this waiver provision is "unambiguous" and "plainly requires litigants to choose between risk-free compensation and civil litigation." *Virgilio v. City of New York*, 407 F.3d 105, 112–13 (2d Cir. 2005). Plaintiff admits that

she submitted a VCF claim and signed the waiver, even if "in protest." Opp'n at 12; Am. Compl. ¶ 19. That is sufficient to trigger the statutory waiver. A claimant may not pursue compensation through the VCF and then, after an unfavorable result, seek damages in court arising from the same alleged injuries. As the Government explained in its moving brief, by pursuing relief through the VCF, an individual waives the right to file such suits "even if the VCF denied [the] claim." *Ewers v. Empire State Recovery Fund*, No. 19 Civ. 4599/4600 (CM), 2019 WL 13498511, at *1 (S.D.N.Y. Aug. 7, 2019). Plaintiff's contract-based theory therefore fails because the source of the waiver is statutory, not contractual.[3]

## IV. <u>The APA Does Not Permit Review of Plaintiff's Claims</u>

Plaintiff again argues that the VCF's proof-of-presence requirements, denial of her claim, and related procedures were arbitrary and capricious. Opp'n at 4, 13–14. But, as the Government's moving brief explained, Plaintiff cannot bring an APA claim here because the Air Safety Act expressly precludes review of the Special Master's determinations, Air Safety Act § 405(b)(3); Gov. Br. at 13–14, and because the evidentiary and procedural matters Plaintiff challenges are committed to the Special Master's discretion, *see* Gov. Br. at 14–16.

Likewise, the opposition does not meaningfully address the separate defect that Plaintiff seeks money damages, which the APA does not authorize. The APA waives sovereign immunity only for claims "seeking relief other than money damages." 5 U.S.C. § 702. As the moving brief explained, Plaintiff alleges that she "seeks damages" for the denial of victim compensation. Am. Compl. ¶¶ 21, 27. Because the relief sought is monetary, the APA does not apply. *See Ward v.*

[3] Plaintiff's contract theory also fails on its own terms. Plaintiff's opposition takes inconsistent positions, asserting on the one hand that "no contractual du[t]y existed between the parties," Opp'n at 11, while on the other hand contending on the same page that there was an "express or tacitly implied contractual relationship to provide for victim compensation," *id.*, that the Government breached. Those contradictory characterizations only underscore the defect in Plaintiff's argument: the relevant waiver does not arise from contract at all.

*Brown*, 22 F.3d 516, 520 (2d Cir. 1994) ("[T]he APA does not waive sovereign immunity for money damages claims.").

Plaintiff's opposition also argues that Congress's grant of authority to the Special Master is "unprecedented," supposedly allowing the Special Master to "regulate itself as a sole decisionmaker" and thereby evade judicial review. Opp'n at 7. That overstates the statute and the case law. As the Government explained in its moving brief, there remains a distinction between reviewable interpretive regulations and case-specific determinations committed to the Special Master's discretion. Gov. Br. at 14–15. The Second Circuit in *Schneider* did not hold that all VCF-related action is categorically insulated from review; rather, it recognized that certain matters may be reviewed while others are not subject to review. *See id.* (noting that the Second Circuit undertook arbitrary and capricious analysis with respect to VCF's interpretive regulations, but not the VCF's calculation of losses for a certain class of claimants (citing *Schneider*, 345 F.3d at 145–48). The particular challenges Plaintiff asserts here, *i.e.*, her eligibility determination, the proof-of-presence standard as applied to her claim, and the denial of compensation, fall within the category Congress made final and not subject to judicial review. *See id.* at 15–16.

## V. Plaintiff Fails to State a Due Process Claim

Plaintiff contends that the VCF substituted a "deposition" for a hearing, delayed its decision, and otherwise afforded her unfair process. Opp'n at 13–14. But, as the Government's moving brief explained, Plaintiff received constitutionally adequate process under the framework established by *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The Government has a strong interest in the proper and accurate payment of VCF benefits, Gov. Br. at 17, and the pleadings and incorporated documents show that Plaintiff received a thorough review, notice of the denial, an appeal, an opportunity to submit additional evidence, and further review in connection with her appeal, Compl. at 20, 30–33, 45; Am. Compl. ¶¶ 6–7, 15. Although Plaintiff argues those

procedures were inadequate, dissatisfaction with the procedure or outcome does not itself establish a due process violation. *See S.C. v. Monroe Woodbury Cent. Sch. Dist.*, No. 11 Civ. 1672 (CS), 2012 WL 2940020, at *9 (S.D.N.Y. July 18, 2012) ("Plaintiffs have expressed their dissatisfaction with the outcome of their interactions with Defendants, but procedural due process guarantees only a process, not a specific outcome." (citations omitted)).

## VI. Plaintiff Fails to State an Equal Protection Claim

Plaintiff argues that the VCF claim form omitted temporary office workers from certain categories and that her claim was denied based on age. Opp'n at 14–15. But, as the moving brief explained, no fundamental right is implicated because "[a] noncontractual claim to receive funds from the public treasury enjoys no constitutionally protected status." *Colaio v. Feinberg*, 262 F. Supp. 2d 273, 300 (S.D.N.Y.) (citation and internal quotation marks omitted), *aff'd in part, appeal dismissed in part sub nom. Schneider v. Feinberg*, 345 F.3d 135 (2d Cir. 2003). Plaintiff also does not identify a suspect classification requiring heightened scrutiny. Under rational-basis review, the VCF's procedures need only be rationally related to a legitimate governmental interest, and Plaintiff's conclusory allegations do not state a plausible equal protection claim. Gov. Br. at 19.

## VII. Plaintiff's Section 1985 Allegations Are Barred and Implausible

Plaintiff's theory regarding section 1985 of the Civil Right Act is both jurisdictionally barred and implausible. Plaintiff contends in her opposition that Interim Special Master Flentje and Special Master Turkel "conspired" in "bait and switch tactics" in connection with Plaintiff's waiver and appeal hearing. Opp'n at 13–14. But sovereign immunity bars section 1985 claims against the federal government. *See Jones v. Nat'l Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006) ("[T]he U.S. government has not waived its sovereign immunity for claims under Sections 1981 to 1986 of Title 42."), *aff'd sub nom. Jones v. Nat'l Commc'ns & Surveillance Networks*, 266 F. App'x 31 (2d Cir. 2008). And on the merits, Plaintiff's

conclusory allegations are not sufficient to state a section 1985 claim. Indeed, a section 1985 complaint must contain specific factual allegations; "[a] complaint consisting of nothing more than conclusory or vague allegations of conspiracy is insufficient to survive a motion to dismiss." *Friends of Falun Gong v. Pac. Cultural Enterprise, Inc.*, 288 F. Supp. 2d 273, 279 (E.D.N.Y. 2003), *aff'd* 109 Fed. App'x 442 (2d Cir. 2004) (citations and internal quotation marks omitted).

## VIII. <u>The Individual-Capacity Claims Fail as a Matter of Law</u>

To the extent Plaintiff is continuing to pursue claims against former Interim Special Master Flentje and Special Master Turkel in their individual capacities, those claims should be dismissed for the reasons set forth in the Government's moving brief. Plaintiff's allegations against them arise entirely from their official administration of the VCF, Gov. Br. at 20–22, and the APA does not provide for individual-capacity claims, *see Chounlamontry v. Shortall*, 784 F. Supp. 3d 517, 529 (D. Conn. 2024) ("Because the APA does not provide a cause of action . . . private individuals . . . the Complaint fails to state a cause of action under the APA."), *report and recommendation adopted* (Apr. 30, 2025). And, any attempt to imply a damages remedy under the Constitution would extend far beyond the narrow contexts recognized by the Supreme Court. *Ziglar v. Abbasi*, 582 U.S. 120, 131–32 (2017). The opposition does not meaningfully rebut those arguments either.

## <u>CONCLUSION</u>

For the reasons set forth above, and in the Government's moving brief, the Court should dismiss Plaintiff's claims against the Government in their entirety.

Dated: March 18, 2026

New York, New York

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: */s/ Adam Gitlin*
ADAM GITLIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2734
E-mail: adam.gitlin@usdoj.gov

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that excluding the caption, table of authorities, signature block, and this certification, this memorandum contains 2390 words calculated using Microsoft Word, which complies with Local Civil Rule 7.1(c).

*/s/ Adam Gitlin*
Assistant United States Attorney