An official website of the United States government Here's how you know

Home / VCF Policies and Procedures

Table of contents


- Overview
- 1.1 Eligibility Criteria
- 1.2 Registration and Claim Filing Deadlines
  - The Claim Filing Deadline
  - The Registration Deadline
  - When to Register and When to File a Claim
- 1.3 9/11-Related Lawsuits
  - a. Waiver of right to file future lawsuits
  - b. Permissible lawsuits
  - c. If you withdrew or dismissed your lawsuit without settlement
  - d. If you settled your lawsuit
  - Chart of Litigation Settlement/Dismissal Rules
- 1.4 Eligible Conditions (WTC-Related Physical Health Conditions)
  - a. Presumptively covered conditions eligible for compensation
  - b. Minimum and Maximum Time Intervals
  - c. Additional Information about presumptively covered eligible conditions


# Section 1: Eligibility Criteria and Deadlines

**Date effective:** July 10, 2026

## Overview

Back to top

The September 11th Victim Compensation Fund ("VCF") was created on September 22, 2001, by Public Law No. 107-42, as amended by Public Law No. 107-71, to provide compensation for any individual (or a personal representative of a deceased individual) who suffered physical harm or was killed as a result of the terrorist-related aircraft crashes of September 11, 2001, or the debris removal efforts that took place in the immediate aftermath of those crashes. The original VCF ("VCF I") operated from 2001-2004 under the direction of Special Master Kenneth Feinberg, and distributed over $7 billion. VCF I concluded operations in June 2004.

Cited in Sellechy Interim Special Master Aug E. Frentje 1:25cv02581 Decided 8/11/26 Archived on 8/12/26 This document is protected by copyright. Further reproduction is prohibited without permission.

On January 2, 2011, the President signed into law the James Zadroga 9/11 Health and Compensation Act of 2010 ("Zadroga Act"), Public Law No. 111-347. Title II of the Zadroga Act reactivated the September 11th Victim Compensation Fund ("VCF II"), expanded its pool of eligible claimants, and appropriated $2.775 billion for additional payments. VCF II opened in October 2011 and was originally authorized to accept claims for a period of five years, ending in October 2016, with a final year for processing and paying claims until October 2017.

On December 18, 2015, the President signed into law the James Zadroga 9/11 Victim Compensation Fund Reauthorization Act ("Reauthorized Zadroga Act"), Public Law No. 114-113. The Reauthorized Zadroga Act extended VCF II for an additional five years, allowing individuals to submit claims until December 18, 2020, and appropriated an additional $4.6 billion to pay claims.

d. Certification and verification of conditions – WTC Health Program or Private Physician process
Documents Required for Individuals Enrolled in the WTC Health Program
Private Physician Process
e. Mental Illness
1.5 Presence at an Eligible Location
a. Eligible Locations
b. Timeframe
c. When to Gather and Submit Presence Documentation
1.6 Documents to Prove Presence
1.7 Primary Evidence of Presence
Third-party Verification of Presence
Contemporaneous Documents
1.8 Secondary Evidence of Presence
1.9 Presence Information for Specific Employers or Entities
1.10 Insufficient Evidence of Presence
1.11 VCF 1 Claims
1.12 Eligibility Review and Determination
a. Preliminary Review
b. Substantive Eligibility Review
1.13 Claims Filed on a

On July 29, 2019, the President signed into law **The Never Forget the Heroes: James Zadroga, Ray Pfeifer, and Luis Alvarez Permanent Authorization of the September 11th Victim Compensation Fund** (“VCF Permanent Authorization Act”), Public Law No. 116-34. The VCF Permanent Authorization Act extends the VCF’s claim filing deadline from December 18, 2020, to October 1, 2090, and appropriates such funds as may be necessary to pay all approved claims.

Regulations governing the VCF’s review of claims are published at **28 C.F.R. Part 104**. Collectively, the laws governing the VCF are referred to below as the “VCF Act.”

Back to top

## 1.1 Eligibility Criteria

Cited in Setlech v. Interim Special Master Aug E. Flentje
1:25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

To be eligible for an award from the VCF, you must meet the following criteria:

- Register with the VCF by the deadline applicable to your individual circumstances, see **Section 1.2**, and submit your complete claim no later than October 1, 2090.
- Dismiss, withdraw, and/or settle any 9/11-related lawsuits by the appropriate deadline.
- Show that you have a 9/11-related physical injury or condition that is certified for treatment by the World Trade Center (“WTC”) Health Program or, in limited circumstances, that you have a physical injury or condition that was treated by your private physician and verified as 9/11-related through the VCF’s **Private Physician process**.
- Show that you were present at one of the three crash sites, or within the VCF **New York City Exposure Zone** during the applicable dates for each location.
- If you received an award from the original September 11th Victim Compensation Fund that operated from 2001-2004 (“VCF1”), you must show that your VCF1 eligible injury or condition has substantially worsened, or that you have a new physical injury or condition which you had not suffered at the time of the VCF1 claim filing or which was not compensable at the time of VCF1; and that you have not already been fully compensated for your losses.
- If you are filing a claim on the victim’s behalf (i.e., as a Personal Representative for a deceased victim, or as the legal guardian for an incapacitated adult), you must show that you have the legal

Victim's Behalf

a. Personal Representative of a Deceased Victim

b. Guardian of an Incapacitated Adult

authority to do so. See **Section 1.13** for specific information on demonstrating you have the proper authority to file the claim.

Back to top

## 1.2 Registration and Claim Filing Deadlines

There are two deadlines in the VCF's claim filing process: a **Claim Filing Deadline** and a **Registration Deadline**. It is important to distinguish between the two and be aware of the deadlines that apply based on your individual circumstances.

Back to top

### The Claim Filing Deadline

The VCF Permanent Authorization Act fully funded the VCF and extended the VCF's Claim Filing Deadline until **October 1, 2090**. **The Claim Filing Deadline is the same for everyone.** Although the VCF encourages you to file your claim after you have been certified by the World Trade Center ("WTC") Health Program for a 9/11-related physical health condition and as soon as the full scope of your claimed losses are known so that your claim for compensation can be reviewed as quickly as possible, the last date on which anyone can file a claim is October 1, 2090.

Cited in Setlech v. Interim Special Master Aug E. Flentje
1-25cv02581, Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

Back to top

### The Registration Deadline

There is a separate deadline by which you need to **register** with the VCF. **Registration is not the same as filing a claim.** Registration preserves the right to file your claim in the future, waives no legal rights, and does not obligate you to file a claim. Registration serves only to alert the VCF that you may be a potential claimant; and it meets the legal requirement of timeliness set forth in the law. You do not need to be sick or to have been diagnosed or certified with a 9/11-related condition in order to register. **The VCF encourages you to register now.** To register with the VCF you must do one of the following**:**

1. Use the online system to submit your Registration Form.
2. Call the VCF Helpline at 1-855-885-1555 to register by phone.

In general, claimants are considered to have registered on time if their registration is submitted within two years of the date on which the claimant knew or reasonably should have known: (1)

that the victim suffered a physical harm as a result of the terrorist-related aircraft crashes of September 11, 2001, or debris removal in the immediate aftermath, and (2) that the claimant was eligible to file a claim with the VCF. See Section 405(c)(3)(A)(i) of the VCF Act. This means that a claimant must know (or reasonably should know) both of the physical injury or condition and that there is a causal connection between the injury or condition and 9/11-related exposure.

Return to top

**The Registration Deadline is not the same for everyone. The Registration Deadline is determined according to claim type, and varies based on individual circumstances.**

- **ALL CLAIMS: If you registered a personal injury or deceased victim claim on or before July 29, 2021, you have met your registration deadline and your eventual claim, should you file one, will be determined to be timely filed.**

- **Personal Injury Claims:** You are required to register within two years of the date on which a federal, state, or local government entity notifies you that your physical health condition is 9/11-related. In most cases, and for most claimants, the government entity providing this notification will be the World Trade Center (WTC) Health Program:
  - If you are certified by the WTC Health Program for a physical health condition, the two-year registration period is counted from the date of the **most recent** certification.
  - If you are not certified by the WTC Health Program, then the two years will be counted from the date that the New York Workers' Compensation Board or one of the New York City employer pension funds (FDNY, NYPD, NCYERS) determined that you were eligible for 9/11-related benefits.[1]
  - If neither of the above applies, but you qualify for the VCF's Private Physician Process and your condition is verified by the VCF as 9/11-related, then your registration deadline is deemed to have been met.
  - If you are not certified by the WTC Health Program and have no other determination that your condition is 9/11-related, then you may register at any time.

- **Deceased Victim Claims: If the victim previously registered a personal injury claim by the applicable deadline, the deceased victim claim is automatically considered to have been timely**

Cited in Setlech v. Interim Special Master Aug E. Flentje
1-25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

**registered. If the victim did not timely register a prior claim,** the Personal Representative is required to register the deceased victim claim within two years of the **later** of these dates:

- Victim's date of death – **or** –
- Date on which the VCF (through the Private Physician Process) verifies the condition that caused the death as 9/11-related.

For **both personal injury and deceased claims**, a new or subsequent government determination that a specific physical condition or injury is 9/11-related triggers a new two-year registration period. Per VCF policy, if registration is timely for any condition or injury, all eligible conditions – no matter when determined to be 9/11-related (and regardless of whether there had been a prior timely registration) – may be considered for an award, subject to the other requirements of the VCF claims process.

Please note that the WTC Health Program and the VCF are different programs. The WTC Health Program provides medical monitoring and treatment for physical injuries and conditions resulting from 9/11 exposure. The VCF provides compensation for losses resulting from physical injuries and conditions related to 9/11 exposure. You must register for each of these programs separately. Enrollment in the WTC Health Program does not automatically register you with the VCF and if you are being treated by, or monitored through, the WTC Health Program, you are not automatically eligible for compensation from the VCF.

Cited in Setechy, Interim Special Master Aug E. Flentje
1:15cv02381 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

For further information, please see the "Registration and Other Deadlines" Frequently Asked Questions on the VCF website.

Back to top

## When to Register and When to File a Claim

You may **register at any time**, so long as you do so before your individual deadline as outlined above. The VCF encourages early registration for all potential claimants, even if you are not sick or certified by the WTC Health Program, as it helps us establish our priorities, plan for our work, and process all claims as quickly as possible. You may register online at **www.claims.vcf.gov** or over the phone by calling the VCF Helpline at 1-855-885-1555.

You should **file your claim** only after you have been certified by the WTC Health Program for a 9/11-related physical health

condition. This could happen anytime between now and when the WTC Health Program closes in 2090. The VCF encourages you to file your claim after you have been certified and the full scope of your losses are known so that we can review your claim as quickly as possible to evaluate your eligibility for compensation. Claims can be filed at **www.claims.vcf.gov/account/login** or on a **hard copy claim form**.

Back to top

# 1.3 9/11-Related Lawsuits

As a general rule, you cannot pursue both a 9/11-related lawsuit and a VCF claim. You must identify all 9/11-related lawsuits when you submit your claim form. A 9/11-related lawsuit is any civil action in which you are seeking to recover damages based on your presence at a 9/11 crash site, your exposure to toxins, or a theory of causation related to a 9/11-related condition or a 9/11-related death. Product liability (e.g. Roundup, talcum powder, etc.), medical malpractice, and other civil lawsuits seeking compensation based on any 9/11-related condition included on the WTC Health Program list of covered conditions are considered 9/11-related lawsuits. These lawsuits are, therefore, prohibited, even if you do not claim the condition in your VCF claim. By filing a VCF claim, you waive your right to file any 9/11-related lawsuit.

Cited in Setleh v Interim Special Master Aug E. Flentje
1-25cv0258, Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

There are specific requirements for the date on which your 9/11-related lawsuit must have been filed, withdrawn, dismissed, or settled and released in order to be eligible for compensation from the VCF. The VCF Act provides that you may either seek compensation from the VCF or you may file a lawsuit, but you cannot do both except under certain circumstances as explained below.

Back to top

## a. Waiver of right to file future lawsuits

When you submit a VCF claim, you waive your right to file a civil action (or to be a party to an action) in any federal or state court for damages sustained as a result of the terrorist- related aircraft crashes of 9/11, or for damages arising from or related to debris removal. This means that you waive your right to be party to a future lawsuit even before the VCF determines whether or not you are entitled to compensation. For deceased individuals, the Personal Representative will waive his/her rights to file any future

action seeking compensation for the decedent's death. The statute may be interpreted to mean that the submission of a claim for a deceased individual will waive the rights of others who may claim the right to file a wrongful death action. If you violate the waiver after your VCF award has been paid, the VCF may rescind your award.

There are two exceptions to this general "waiver" rule – that is, there are two types of permissible lawsuits that you can pursue and still file a claim with the VCF:

- A civil action to recover collateral source obligations.
- A civil action against any person who is a "knowing participant in any conspiracy to hijack any aircraft or commit any terrorist act." This includes lawsuits based on theories of aiding and abetting or assisting an attempt to commit a terrorist act.

Back to top

## b. Permissible lawsuits

As noted above, there are two types of 9/11-related lawsuits that you can pursue and still file a claim with the VCF. First, you may pursue a civil action to recover collateral source obligations. Collateral sources are defined by the statute to mean all sources, including life insurance, pension funds, death benefit programs, settlement payments from September 11th-related lawsuits, and payments by federal, state, or local governments related to the terrorist-related aircraft crashes of September 11, 2001, or debris removal. Second, you may pursue a civil action against any person who is a "knowing participant in any conspiracy to hijack any aircraft or commit any terrorist act." This includes lawsuits based on theories of aiding and abetting or assisting an attempt to commit a terrorist act. Examples of lawsuits that fall into this category include (but are not limited to) the following lawsuits filed in the United States District Court for the Southern District of New York:

- *Gallop v. Riggs National Corp., et al.* (Docket No. 1:04-cv-07281-GBD-FM)
- *Burnett, et al v. Al Baraka Investment* (Docket No. 1:03-cv-05738-GBD)
- *Ashton, et al v. Al Qaeda Islamic, et al.* (Docket No. 1:02-cv-06977-GBD-FM)

Claimants who participate in a lawsuit under the Justice Against Sponsors of Terrorism Act ("JASTA"), Pub. Law No. 114-222, may still file a VCF claim. See VCF Act, Section 405(c)(3)(C)(i). Any

Cited in Setich v. Interim Special Master Aug E. Flentje 1-25cv-2581 Decided 8/11/26 Archived on 8/12/26 This document is protected by copyright. Further reproduction is prohibited without permission.

compensation awarded by the court in the lawsuit or obtained in a settlement of litigation will be treated as an offset and deducted from your VCF award.

Back to top

## c. If you withdrew or dismissed your lawsuit without settlement

If you had filed a 9/11-related lawsuit at any time prior to submitting a VCF claim, there are specific dates by which you must have withdrawn or dismissed that lawsuit in order to be eligible for compensation from the VCF.

Under 28 C.F.R. § 104.61, any person who has filed or is a party to a lawsuit seeking damages for injuries "sustained as a result of the terrorist-related aircraft crashes of September 11, 2001, or for damages arising from or related to debris removal" may not "file a claim with the Special Master unless they withdraw from such action not later than January 2, 2012."

Required documentation for withdrawn 9/11-related lawsuits: You must submit proof of timely withdrawal of your lawsuit with your claim. You may submit either a court order establishing that the action has been discontinued and/or dismissed, dated on or before January 2, 2012, or a notice/letter of withdrawal filed on the Electronic Case Files ("ECF") system in the relevant docket on or before January 2, 2012. You must also submit the final order of the court confirming the withdrawal or dismissal of all claims. That order may be dated after January 2, 2012, only if you have provided proof that you filed a notice of withdrawal on the ECF system in the relevant docket on or before January 2, 2012.

Cited in Stelecky v Interim Special Master Aug E. Flentje
1:25-cv-02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

Rule for Newly Covered Conditions and Lawsuits Filed Before November 2016:[2] If the condition for which you are seeking compensation from the VCF was added to the list of qualified injuries after January 2, 2012, your proof of timely withdrawal or dismissal from any lawsuit must be dated no later than the date you submit your claim or amendment seeking compensation for that condition. The court order establishing that the action has been discontinued and/or dismissed, or the notice/letter of withdrawal filed on the ECF system in the relevant docket, must be dated on or before the date you submit your claim or amendment. In cases meeting these criteria, where withdrawal or dismissal occurred after January 2, 2012, only newly covered conditions will be considered eligible for compensation. This means that even if you have other certified or verified conditions,

regardless of when they were certified or verified, they will not be eligible for compensation unless they were added to the list of qualified injuries after January 2, 2012, and you withdrew or dismissed your lawsuit prior to filing your claim or amendment.

Back to top

## d. If you settled your lawsuit

If you had filed a 9/11-related lawsuit prior to submitting a VCF claim and settled any of the claims set forth in the lawsuit, there are specific dates by which you must have tendered a release of the settled claims and dismissed any remaining unsettled claims.

The VCF will accept claims with settled 9/11-related lawsuits if you meet the following conditions:

1. The lawsuit was commenced after December 22, 2003, and a release of claims in such lawsuit was tendered by the individual, or by the individual's attorney (provided the attorney has authority to tender the release) prior to January 2, 2011; **and**
2. You dismissed any claims that were not settled on or before January 2, 2012.

You may have settled all your claims and, in that case, as long as the lawsuit was commenced after December 22, 2003, and the release was tendered by January 2, 2011, you can submit a claim to the VCF. *The VCF Act states that if an individual tendered a release after the VCF Act was enacted on January 2, 2011, the individual is not eligible for the VCF*.

Cited in Settech v. Interim Special Master Aug E. Flentje
1:25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

Note: The VCF cannot provide information about private settlements. The VCF is a Federal Government program and is separate from the lawsuits between individuals and the Port Authority, the Captive Insurer, and others. Individuals with questions about those settlements should contact their lawyers.

The VCF Act provides that the award from settlements in civil suits regarding injuries related to 9/11 will be counted as a collateral source offset. Therefore, settlement payments from lawsuits that were timely settled and released will be deducted from VCF awards.

Required documentation for settled lawsuits:

You must certify on your claim form that you have satisfied the requirements for settling your lawsuit. In many cases, the VCF can obtain additional information from third parties. If the VCF is unable to obtain the required settlement information from third

parties, we will contact you and you will be required to provide the settlement information before we can continue processing your claim.

If you were represented by Douglas & London or Napoli, Bern, Ripka, Shkolnik ("Napoli Bern") in your lawsuit, you generally do not need to submit additional documents related to your settlement because the VCF may be able to get the necessary information from Douglas & London or Napoli Bern. If you were represented by Sullivan Papain Block McGrath and Cannavo ("Sullivan Papain") in both your lawsuit and your VCF claim, the VCF may be able to get the necessary information from Sullivan Papain. The VCF will notify you if you need to submit any additional documents.

For all other individuals, the VCF generally needs proof documenting the amount of your settlement, the dates of commencement and release of all claims in the lawsuit, and the order dismissing any claims not part of the settlement. If an attorney signed and submitted the release on behalf of the individual or the individual's dependent, spouse, or beneficiary, a copy of the retainer agreement with the attorney in the settled lawsuit must be submitted as proof that the attorney was authorized to sign the release. If you do not have any of these documents, you may still submit your claim form because the VCF may be able to obtain them from third parties. The VCF will notify you if additional information is needed.

Cited in Setlach - Interim Special Master Aug E. Flentje
1:25cv02531 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

All Claimants who received coverage for certain cancers under a Critical Injury Insurance policy through Metropolitan Life Insurance Company (MetLife) as part of their 9/11-related lawsuit settlement are required to provide the VCF with a copy of their policy document and the amount of any payment received under the policy.

Rule for Newly Covered Conditions and Lawsuits Filed Before November 16, 2016:[3] If the condition for which you are seeking compensation from the VCF was added to the list of qualified injuries after January 2, 2012, you must meet the following requirements in order to be eligible for compensation from the VCF:

1. Your acceptance of settlement and release of claims must have been tendered on or before the date on which the condition for

which you are seeking compensation was added to the list of qualified injuries by the World Trade Center Health Program.
2. Your proof of timely withdrawal or dismissal of any remaining claims must be dated no later than the date you submit your claim or amendment seeking compensation for that condition. The court order establishing that the action has been discontinued and/or dismissed, or the notice/letter of withdrawal filed on the ECF system in the relevant docket, must be dated on or before the date you submit your claim or amendment.

In cases meeting these criteria, where settlement occurred after January 2, 2011, only newly covered conditions will be considered eligible for compensation. This means that even if you have other certified or verified conditions, regardless of when they were certified or verified, they will not be eligible for compensation unless they were added to the list of qualified injuries after January 2, 2012, you settled and released your lawsuit prior to the date the specific condition was added to the list of qualified injuries, and you properly withdrew or dismissed any remaining lawsuits prior to filing your claim or amendment.

The chart below outlines the litigation settlement, withdrawal, and dismissal rules for filing a VCF claim.

Back to top

Cited in Settle v Interim Special Master Aug E. Flentje 1-24-cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

## Chart of Litigation Settlement/Dismissal Rules

| Settlement and/or Dismissal? | Lawsuit Filing Date | Date by which lawsuit must be Dismissed/Withdrawn/Settled |
|---|---|---|
| Settlement of all Claims | After 12/22/2003 and before November 16, 2016 | **For conditions on original WTC Health Program list or traumatic injuries:**<br>▪ Settled fully and release tendered on or before January 2, 2011.<br><br>**For newly covered conditions:**<br>▪ Settled fully and release tendered on or before the date on which NIOSH added the individual's eligible condition to the list of qualified physical injuries. Those dates are:<br>  ▪ October 12, 2012, for the various cancers identified in the WTC Health Program rule of the same date |

| | | |
|---|---|---|
| | | ▪ October 21, 2013, for Prostate Cancer<br>▪ February 18, 2014, for Rare Cancers that meet the definition as explained by the WTC Health Program on the same date<br>▪ August 4, 2016, for New-Onset COPD<br>▪ January 18, 2023, for Uterine Cancer, including endometrial cancer<br><br>*This is condition specific – that is, timely settlement/ release based on specific conditions does not render earlier conditions for which an individual may be certified or verified (on which a lawsuit was not timely settled/released) eligible for compensation. This is true regardless of the date on which the earlier condition is certified or verified.* |
| Settlement + Dismissal: Lawsuit Partially Settled and Unsettled Claims Dismissed | After 12/22/2003 and before November 16, 2016 | **For conditions on original WTC Health Program list or traumatic injuries:**<br>▪ Release tendered on or before January 2, 2011.<br>▪ Unsettled claims withdrawn/dismissed on or before January 2, 2012.<br><br>**For newly covered conditions:**<br>▪ Release tendered before the date on which the WTC Health Program added the individual's eligible condition to the list of qualified physical injuries.<br>▪ Unsettled claims withdrawn/dismissed before submitting the VCF claim form or amendment.<br><br>*This is condition specific – that is, timely settlement/release/dismissal based on specific conditions does not render earlier conditions for* |

Cited in Setted v Interim Special Master Aug E. Flentje
1:25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

| | | |
|---|---|---|
| | | *which an individual may be certified or verified (on which a lawsuit was not timely settled/released/dismissed) eligible for compensation. This is true regardless of the date on which the earlier condition is certified or verified.* |
| Dismissal: Lawsuit Fully Dismissed or Withdrawn (no settlement) | Before November 16, 2016 | **For conditions on original WTC Health Program list or traumatic injuries:**<br>▪ Dismissal/withdrawal before January 2, 2012 (notice of withdrawal will suffice).<br><br>**For newly covered conditions:**<br>▪ Dismissal/withdrawal before submitting the VCF claim or amendment (notice of withdrawal will suffice).<br><br>*This is condition specific – that is, timely dismissal based on specific conditions does not render earlier conditions for which an individual may be certified or verified (on which a lawsuit was not timely dismissed) eligible for compensation. This is true regardless of the date on which the earlier condition is certified or verified.* |

Cited in Settech v. Interim Special Master Aug E. Flentje
1:25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

Back to top

## 1.4 Eligible Conditions (WTC-Related Physical Health Conditions)

To be eligible for compensation from the VCF, you must have a physical injury or condition caused by the terrorist-related aircraft crashes of September 11, 2001, or the rescue, recovery, and debris removal efforts during the immediate aftermath. The statute requires that, to be eligible, you must have at least one **WTC-Related Physical Health Condition**.

Back to top

### a. Presumptively covered conditions eligible for compensation

To be eligible for compensation, the VCF Act requires an individual to have suffered "physical harm or death as a result of" one of the terrorist-related aircraft crashes of September 11, 2001, or debris removal. Generally, the VCF provides compensation for the physical injuries and conditions that the WTC Health Program has found to be related to 9/11 and therefore are on the **list of conditions** established by the WTC Health Program. Thus, as a general matter, the VCF will rely on certification by the WTC Health Program that the individual is eligible for treatment for a particular physical injury or condition under the WTC Health Program. By statute, the VCF may not compensate for psychological conditions, but the WTC Health Program provides mental health treatment as part of their healthcare services. Please see **Section 1.4.e** for more information specific to mental health conditions.

Listed below are the categories of physical health injuries and conditions that may be certified by the WTC Health Program ("presumptively covered conditions"). This list includes the most recent additions to the list effective as of January 18, 2023. This list includes only major categories of conditions and is not meant to represent every type of eligible injury that falls within each category:

- Interstitial Lung Diseases
- Chronic Respiratory Disorder – Fumes/Vapors
- Asthma
- Reactive Airways Dysfunction Syndrome ("RADS")
- WTC-exacerbated Chronic Obstructive Pulmonary Disease ("COPD")
- New Onset Chronic Obstructive Pulmonary Disease ("COPD")
- Chronic Cough Syndrome
- Upper Airway Hyper Reactivity
- Chronic Rhinosinusitis
- Chronic Nasopharyngitis
- Chronic Laryngitis
- Gastro-Esophageal Reflux Disorder ("GERD")
- Sleep Apnea exacerbated by, associated with, or related to, the above conditions
- Low Back Pain occurring in responders
- Carpal Tunnel Syndrome ("CTS") occurring in responders
- Certain Musculoskeletal Disorders ("MSK") occurring in responders and defined as "a chronic or recurrent disorder of the

Cited in Sattech v Interim Special Master Aug E. Flentje
1:25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

musculoskeletal system caused by heavy lifting or repetitive strain on the joints or musculoskeletal system occurring during" the period beginning on September 11, 2001, through May 30, 2002, or as determined by the Special Master (Note: the VCF may compensate MSK in survivors if appropriate proof is provided)

- Acute Traumatic Injuries – the WTC Health Program defines acute traumatic injury as an injury "caused by and occurring immediately after a one-time exposure to energy such as heat, electricity or impact from a crash or fall, resulting from a specific event or incident" for which the claimant received medical treatment on or before September 11, 2003

Certain types of cancer as specified in the chart below:

| | | |
|---|---|---|
| **Head & Neck**<br>▪ Malignant neoplasm of lip<br>▪ Malignant neoplasm of base of tongue<br>▪ Malignant neoplasm of other and unspecified parts of tongue<br>▪ Malignant neoplasm of parotid gland<br>▪ Malignant neoplasm of other and unspecified major salivary glands<br>▪ Malignant neoplasm of floor of mouth<br>▪ Malignant neoplasm of gum<br>▪ Malignant neoplasm of palate<br>▪ Malignant neoplasm of other and | **Digestive System**<br>▪ Malignant neoplasm of the esophagus<br>▪ Malignant neoplasm of the stomach<br>▪ Malignant neoplasm of the colon<br>▪ Malignant neoplasm of rectosigmoid junction<br>▪ Malignant neoplasm of the rectum<br>▪ Malignant neoplasm of other and ill-defined digestive organs<br>▪ Malignant neoplasm of the liver and intrahepatic bile ducts<br>▪ Malignant neoplasms of retroperitoneum and peritoneum<br><br>**Respiratory System**<br>▪ Malignant neoplasms of the trachea | **Female Reproductive Organs**<br>▪ Malignant neoplasm of ovary<br>▪ Uterine cancer, including endometrial cancer<br><br>**Urinary System**<br>▪ Malignant neoplasm of bladder<br>▪ Malignant neoplasm of the kidney except renal pelvis<br>▪ Malignant neoplasm of renal pelvis<br>▪ Malignant neoplasm of ureter<br>▪ Malignant neoplasm of other and unspecified urinary organs<br><br>**Eye & Orbit**<br>▪ Malignant neoplasms of eye and adnexa<br><br>**Thyroid**<br>▪ Malignant neoplasm of thyroid gland |

Cited in Setlech v Interim Special Master Aug E. Flentje
1-25cv0258, Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

unspecified parts of mouth
- Malignant neoplasm of tonsil
- Malignant neoplasm of oropharynx
- Malignant neoplasm of nasopharynx
- Malignant neoplasm of piriform sinus
- Malignant neoplasm of the hypopharynx
- Malignant neoplasm of other and ill-defined conditions in the lip, oral cavity and pharynx
- Malignant neoplasms of nasal cavity
- Malignant neoplasm of accessory sinuses
- Malignant neoplasm of the larynx

**Mesothelioma**

**Prostate Cancer**

**Soft Tissue**
- Malignant neoplasm of peripheral nerves and autonomic nervous system
- Malignant neoplasm of

- Malignant neoplasm of bronchus and lung
- Malignant neoplasm of heart, mediastinum and pleura
- Malignant neoplasm of other and ill-defined sites in the respiratory system and intrathoracic organs

**Rare Cancers** – defined as "*any type of cancer that occurs in less than 15 cases per 100,000 persons per year in the United States*." Some examples of cancer that meet the "rare cancer" definition include, but are not limited to, the following:
- Malignant neoplasm of the testis
- Neuroendocrine malignancies
- Malignant neoplasm of the male breast
- Malignant neoplasm of the gallbladder/biliary tract
- Malignant neoplasm of the small intestine
- Malignant neoplasm of the thymus
- Malignant neoplasm of the central nervous system

**Blood & Lymphoid Tissue**
- Hodgkin's disease
- Follicular (nodular) non-Hodgkin lymphoma
- Diffuse non-Hodgkin lymphoma
- Peripheral and cutaneous T-cell lymphomas
- Other and unspecified types of non-Hodgkin lymphoma
- Malignant immunoproliferative diseases
- Multiple myeloma and malignant plasma cell neoplasms
- Lymphoid leukemia
- Myeloid leukemia
- Monocytic leukemia
- Other leukemias of specified cell type
- Leukemia of unspecified cell type
- Myeloid malignancies
- Other and unspecified malignant neoplasms of lymphoid, hematopoietic and related tissue

**Childhood Cancers** – defined as "*any type of cancer diagnosed in a person less than 20 years of age.*"

**Breast**
- Malignant neoplasm of breast

Cited in Setlech v Interim Special Master Aug E. Flentje
1-25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

| | | |
|---|---|---|
| other connective and soft tissue<br><br>**Skin (Non Melanoma)**<br>▪ Other malignant neoplasms of skin<br>▪ Scrotum<br><br>**Melanoma**<br>▪ Malignant melanoma of skin | ▪ Malignant neoplasm of the adrenal gland<br>▪ Gastrointestinal stromal malignancies<br>▪ Malignant neoplasm of the penis | |

Back to top

## b. Minimum and Maximum Time Intervals

Cited in Settlech v Interim Special Master Aug E. Flentje 1:25-cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

The WTC Health Program has set specific minimum and maximum timeframes between an individual's 9/11 exposure and the onset of symptoms related to an eligible physical injury or condition. These timeframes are different for each category of injuries and conditions. The WTC Health Program's general guidelines are summarized below. We encourage you to visit the WTC Health Program website to understand the complete details for each specific injury and condition and the process used to evaluate each individual's unique circumstances.

- **Cancers**: The WTC Health Program Administrator has determined minimum time periods for five types or categories of cancer eligible for coverage in the WTC Health Program. The Administrator has determined that a minimum time period – referred to as "latency" – must have elapsed between the initial date of an individual's exposure and the date of initial diagnosis of the individual's cancer. Details on the latency periods for cancer can be found at **https://www.cdc.gov/wtc/pdfs/policies/WTCHP-Minimum-Cancer-Latency-PP-01062015-508.pdf**.
- **Aerodigestive Disorders**: The WTC Health Program Administrator has determined maximum time intervals for four of the five categories of eligible aerodigestive disorders: obstructive airways, upper respiratory diseases, gastroesophageal reflux disease

("GERD") co-occurring with another WTC-related aerodigestive disorder, and isolated GERD. The time interval is measured based on the last day of an individual's 9/11 exposure and the earliest date of an individual's symptoms of the aerodigestive disorder. The fifth category, interstitial lung disease, has no associated maximum time interval. Details on the maximum time intervals for aerodigestive disorders can be found at https://www.cdc.gov/wtc/pdfs/policies/WTCHP_PP_Time_Intervals_New_Onset_AeroDig_Disorders_30_August_2017-508.pdf.

- **Musculoskeletal Disorders and Acute Traumatic Injuries**: There is a statutory deadline of treatment on or before September 11, 2003, for musculoskeletal disorders and a similar deadline imposed by regulation for treatment of acute traumatic injuries. See 42 U.S.C. § 300mm-22(a)(4); 42 C.F.R. § 88.15(e).

Back to top

## c. Additional Information about presumptively covered eligible conditions

- The VCF considers modifications to the list of presumptively covered conditions based on the determinations of the WTC Health Program. The initial list of presumptively covered conditions has been modified five times since the VCF reopened on October 3, 2011 – first on October 12, 2012, when certain cancers were added; a second time on October 21, 2013, when Prostate Cancer was added; a third time on February 18, 2014, when the definition of Rare Cancers was revised; a fourth time on August 4, 2016, when new-onset COPD and WTC-related acute traumatic injury were added; and a fifth time on January 18, 2023, when Uterine Cancer, including endometrial cancer, was added.
- If you have at least one certified or verified 9/11-related physical injury or condition and meet all of the eligibility criteria to receive compensation, you may also be eligible for payment for other physical injuries or conditions that are not included on the list of presumptively covered conditions (and that are therefore not certified or verified) and that resulted from your 9/11 exposure if you have presented extraordinary circumstances. The Special Master exercises this discretion only in very limited circumstances.
- If you have an eligible 9/11-related physical condition, it does not mean that you are guaranteed to be compensated by the VCF. Having an eligible condition is only one of the necessary criteria for compensation. All of the eligibility criteria must be met to receive compensation.
- If you developed your 9/11-related physical injury or condition before September 11, 2001 (a "pre-existing" condition), you may

Cited in Selectly Interim Special Master Aug E. Flentje
1:25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

still be eligible for compensation if your condition has become more severe since that time and the worsening of the condition is determined by the WTC Health Program to be related to the events of September 11th or the debris removal efforts.

- The VCF considers "medically associated" conditions in determining the appropriate amount of compensation. The WTC Health Program defines a health condition **medically associated** with a WTC-related health condition as a condition that either: (1) "results from *treatment* of a WTC-related health condition," or (2) "results from *progression* of a WTC-related health condition." The VCF recognizes that, in some cases, those conditions that are medically associated with an eligible WTC-related condition may be more severe and/or have a greater impact on the victim's life than the underlying condition.
- If, at any point after you submit your original claim, the WTC Health Program certifies you for a physical health condition not previously certified, or you are diagnosed with a new 9/11- related injury or condition that qualifies for verification through the Private Physician process, you may amend your claim by following the **Instructions for Amending a Claim**. Note that you should only amend your claim to add the new condition if the condition has resulted in additional compensable loss.

Cited in Setlech v Interim Special Master Aug E. Flentje
1-26cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

Back to top

## d. Certification and verification of conditions – WTC Health Program or Private Physician process

If your physical injury or condition is certified for treatment by the WTC Health Program, the VCF will generally find the injury or condition eligible subject to confirmation that other elements of eligibility, including presence at the site, are documented. **If you are not being treated by the WTC Health Program, you must seek certification for your condition(s) through the WTC Health Program.** The VCF has implemented this policy in order to ensure consistency among victims in evaluating the conditions eligible for compensation, and clarity in evaluating an individual victim's WTC-related exposure. In very limited circumstances (set forth below), the VCF may evaluate the eligibility of the physical injury or condition through the **Private Physician process**, subject to verification by the Special Master with the assistance of the WTC Health Program Administrator.

Please note that you can seek certification for treatment from the WTC Health Program for purposes of your VCF claim and still be

treated for your certified condition by a physician outside of the WTC Health Program. To begin the certification process with the WTC Health Program, you can find an application on line at www.cdc.gov/wtc or by calling 1-888-982-4748. The WTC Health Program includes a Nationwide Provider Network ("NPN") to serve members who live outside the New York City metropolitan area. The NPN is available to WTC, Pentagon, and Shanksville responders and WTC survivors. For information about the NPN call 1-888-982-4748. If you are enrolled and if the WTC Health Program confirms that it has certified your condition for treatment, then it will be able to provide the VCF with information about your certified condition(s). For further details on the WTC Health Program process and guidelines, please visit the **WTC Health Program website**.

Please be aware that the WTC Health Program will prioritize patients who need treatment for appointments over those seeking certifications to support their VCF claims. Please respect that the mission of the WTC Health Program is to provide medical treatment to those who are ill, and do not attempt to expedite your appointment unless you are in need of medical care.

Back to top

## Documents Required for Individuals Enrolled in the WTC Health Program

Cited in Setlock - Interim Special Master Aug E. Flentje
1-25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

Once the VCF receives your complete Claim Form and the completed **Exhibit A** – "Authorization for Release of Medical Records"- the VCF will request information directly from the WTC Health Program to determine whether you have an eligible condition. The VCF will also seek information from the WTC Health Program for deceased individuals whose condition(s) was certified by the WTC Health Program prior to death, upon submission of an **Exhibit A** (for Deceased Individuals) by the victim's authorized Personal Representative. If the WTC Health Program notifies us that you have been certified for an eligible physical health condition, we accept that certification as proof of your eligible condition, subject to the other requirements for eligibility. If your condition is certified for treatment by the WTC Health Program, you do not need to submit any other records to support or demonstrate your condition.

Please note that the VCF does not receive copies of your medical records as part of our information-sharing agreement with the WTC Health Program. The WTC Health Program only provides the VCF with the name of the condition, the WTC Health Program

category under which the condition falls (for example, Cancer or Upper Respiratory Disorder), and the associated medical diagnosis code.

If the WTC Health Program has certified your condition, you do not need to submit medical records to support a claim for non-economic loss at the lowest end of the range for your eligible condition.  Similarly, if you have an eligible condition that the VCF has identified as presumptively severe and debilitating, you do not need to submit medical records to qualify for the highest non-economic loss award allowed by the statutory caps.  See **Section 2.1.a** – "Valuation of non-economic loss" for a listing of conditions considered to be presumptively severe. If, however, your certified condition is not among the list of conditions that the VCF considers to be presumptively severe and it significantly impairs activities of daily living, or if the certification does not reflect the severity of the condition, you may want to submit supporting medical documentation related to your condition to help the VCF evaluate the severity and effect of the condition in order to determine whether an increased non-economic loss award within the appropriate range is warranted.  For a listing of the types of documents that can assist the VCF in the evaluation of your claim, see **Section 2.1.c** – "Documentation of non-economic loss". Please only submit documents that are related to your 9/11-related eligible physical conditions.  If you submit voluminous medical records (i.e. 75 pages or more), you must highlight the relevant information relating to the severity of your condition, or provide a written guide or statement directing us to the pertinent information, so the VCF can assess your non-economic loss.

Cited in Sedecky v Interim Special Master Aug E. Flentje
1:25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

Back to top

## Private Physician Process

The Private Physician process is available only in the following limited circumstances:

- You received specific direction from the VCF to complete the forms; or
- You are filing a claim for a deceased individual who was not certified for treatment by the WTC Health Program for the claimed condition; or
- You are a foreign resident, living outside the continental United States, who has not been certified for treatment by the WTC Health Program for the claimed condition; or
- You do not qualify for certification by the WTC Health Program because you do not meet the program enrollment requirements;

or

- You are not able to go to a WTC Health Program center (either in the New York City metropolitan area or through the Nationwide Provider Network) to have your condition evaluated and certified for treatment without suffering significant hardship. If you believe that you will suffer significant hardship in seeking certification by the WTC Health Program, you should upload a statement or letter to the claim explaining the circumstances and why you should be considered for the Private Physician process **and** call the VCF Helpline to alert us to the request.

If the VCF determines that you are an appropriate candidate for the Private Physician process, the VCF will contact you and ask you to provide certain medical records and other information from a non-WTC Health Program physician. The VCF will review the information and, as appropriate, will submit the information to the WTC Health Program for assistance in verifying that your condition meets the definition of a 9/11-related condition.

*In all other cases, we will* ***not*** *process your claim until we receive notification from the WTC Health Program that you have been certified for at least one physical condition*.

The forms and instructions, as well as more detailed information on the process are available on our **Private Physician** resources page.

**Note:** The VCF is not able to pay any physician for providing this information or documentation. The VCF does not require any of the forms to be completed by your physician; you may complete the "Treating Physician Information Form."

Back to top

## e. Mental Illness

If you did not experience any physical injury or condition as a result of September 11th, but you experienced emotional or mental harm, you are not eligible for compensation from the VCF. The VCF Act explicitly prohibits the VCF from compensating for Mental Health Conditions. As a result, the VCF is not able to accept claims solely for psychological conditions.

The WTC Health Program provides options for treatment of psychological conditions, including post-traumatic stress. For information about whether you may be eligible for WTC Health Program treatment for emotional or mental harms, you may

Cited in Setiesh v. Interim Special Master Aug E. Flentje
1-25-cv-02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

contact them by phone at 1-888-WTC-HP4U (1-888- 982-4748), or on the web at **www.cdc.gov/wtc/**.

Back to top

## 1.5 Presence at an Eligible Location

In order to be eligible for compensation under the VCF, an individual must have been present at a 9/11 crash site, or within the VCF New York City Exposure Zone during the applicable dates for each location. You do not have to be a responder to be eligible.

Back to top

### a. Eligible Locations

To be eligible for the VCF, you must have been at one of the following locations:

- The World Trade Center site, the Pentagon site, or the Shanksville, Pennsylvania, site.
- The VCF **NYC Exposure Zone**[4] which consists of the area in Manhattan that runs south of Canal Street, river to river, and from the Hudson River to the intersection of Canal Street and East Broadway, north on East Broadway to Clinton Street, and east on Clinton Street to the East River.
- Any area related to, or along, routes of debris removal, such as barges and the Fresh Kills landfill in Staten Island. The routes of debris removal apply only to those individuals who loaded, unloaded, or drove the trucks containing WTC debris, worked on the barges transporting the debris, and/or worked at the Fresh Kills landfill.
- Any location used by employees of the Office of the Chief Medical Examiner of New York City ("OCME") involved in the examination and handling of human remains, or locations used by morgue workers who performed similar functions for the OCME staff.
- Any location used for the repair, cleaning, or rehabilitation of vehicles or equipment contaminated by WTC-related debris.

Cited in Settech v Interim Special Master Aug E. Flentje
1:25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

### b. Timeframe

Back to top

To be eligible, individuals must have been present at one of the eligible locations during the following timeframes:

- The World Trade Center or the surrounding New York City (NYC) Exposure Zone between September 11, 2001, and May 30, 2002;

- The Pentagon site between September 11, 2001, and November 19, 2001; or
- The Shanksville, Pennsylvania site between September 11, 2001, and October 3, 2001.

There are no requirements for the minimum amount of time an individual needed to be at a site for purposes of confirming presence.[5]

## c. When to Gather and Submit Presence Documentation

Back to top

You are not required to submit documents to prove your presence at an eligible location until you submit your completed claim form, which you should not submit until you are certified for treatment by the WTC Health Program and you are ready to submit all required supporting documents. However, if you were at an eligible location during the timeframes above, you should consider gathering your proof of presence documents now, even if you are not sick and do not intend to file a claim at this time.

The VCF understands that it is becoming increasingly difficult for some claimants to find documentation supporting their presence at an eligible location after so many years have passed. We also understand that some individuals have registered with the VCF to preserve their right to file a claim in the future, but are currently not sick and therefore are not eligible to file a claim unless their circumstances change at some point in the future.

Cited in Setleh v Interim Special Master Aug E. Flentje
1-25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

Many individuals have asked about gathering documentation now to support their presence for a potential future claim given that the VCF is open to take claims until October 1, 2090. The VCF encourages everyone who was at an eligible location to gather documents now even if they are unsure about filing a claim in the future. Once you have registered with the VCF and have a VCF claim number, you may upload or mail documents to the VCF in order to “store” presence documentation, *even if you have no immediate plans to submit a claim.* The VCF has instructions for uploading documents to the online system. ***Please keep in mind, however, that VCF staff will not be reviewing these documents for sufficiency until your claim form and all required supporting documents are submitted.*** *If you decide to upload documents in order to “store” them with the VCF, you should be very careful to confirm that the document contains as much specific information*

*as possible, and you should review it in detail to ensure that it meets all VCF requirements.*

Back to top

## 1.6 Documents to Prove Presence

**Note:** The VCF has agreements with certain employers, unions, and other organizations to provide information about presence in support of VCF claims. See **Section 1.9** for additional information. You should check to see if your organization is listed in that section before identifying the documentation you need to submit with your claim. In addition, if you were found eligible to receive compensation in **VCF1**, in most cases, you do not need to submit proof of presence in support of your claim. See **Section 1.11** for more information about VCF1 claims. The VCF will contact you if any additional information is needed in these situations.

The documents listed in the sections below are examples of the most common types of documents used to demonstrate presence at an eligible location. This is not a comprehensive list. If you have a document that you believe can be used to prove your presence at an eligible location and it does not fall into one of the categories below, you should submit the document to the VCF to be reviewed. The VCF considers the totality of the circumstances in each individual case and will consider a wide range of documents to support presence.

Cited in Getlach v Interim Special Master Aug E. Flentje
1-25cv02584, Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

All documents submitted with your claim are subject to verification and authentication procedures undertaken independently by the VCF.

If you want to provide additional details about your presence that are not already provided as part of your claim form responses, or to supplement or provide context for whichever of the documents listed below that you are submitting in support of your claim, you may complete and submit the VCF **Victim Presence Statement**. The form includes detailed instructions on how to complete it and where to send it once it is complete. This form is optional – you are not required to submit this form as part of your claim.

Back to top

## 1.7 Primary Evidence of Presence

**Two types of documentation, third-party verification and contemporaneous documents, are particularly helpful in establishing presence:**

## Third-party Verification of Presence

Back to top

Third-party verification of presence that is sent *directly* to the VCF from the employer or other third party, with specific dates and locations, is often sufficient to verify presence. If your office or work or volunteer location was located in the NYC Exposure Zone, or you were present at a 9/11 site because your job required you to be there, you should review the list in Section 1.9 to see if the VCF has a relationship with your employer or organization to get presence information directly from them on your behalf.

If we do not have an agreement with your employer or organization, you should provide your employer/organization with the VCF **Third Party Verification Form**, and instruct them to send the completed form *directly to the VCF.* If a complete form is sent directly to the VCF on your behalf, you do not need to submit any other proof of presence documents with your claim.

You should know that the VCF may ask for additional proof of presence, even when your employer or volunteer organization submits a **Third Party Verification Form** directly to us. This may happen if the completed form does not provide sufficient detail regarding your presence (i.e., your actual work or volunteer location and confirmation that you were present at that location at some point during the requisite time period), or about the source of the information used to complete the form. If this happens, the VCF will contact the employer or organization to try and get additional details. If we are unable to confirm presence by speaking with the employer or organization, then the VCF will contact you to explain what we need and to request additional documents that show where you were and when you were there.

Cited in Setlech v Interim Special Master Aug E. Flentje
1-25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

Back to top

## Contemporaneous Documents

Contemporaneous documents are documents that were created in the ordinary course of business or in real-time during the rescue, recovery, and cleanup periods at each site (or as otherwise noted below). These documents are extremely helpful to establish presence. Examples of contemporaneous documents that may be helpful in proving presence are listed below. Note that this is not a comprehensive list of acceptable documentation.

If you have a document that you believe can be used to support your claim or your presence at a 9/11 site and it is not on the list below, you should submit the document to the VCF to be reviewed. At least **two** documents, whether from the list below or otherwise, are required.

### Examples of Documents to support Presence based on Employment:

NOTE: The types of documents listed below should only be submitted if your employer is not able to complete and send the VCF Third Party Verification Form to the VCF on your behalf. If you were present because of your work, the Third Party Verification Form is the preferred way to show you were there.

- Official personnel roster.
- Pay stubs listing your employer's address within the NYC Exposure Zone and confirming employment, when used in conjunction with other documents showing you were physically working at the address during the relevant timeframe.
- Responder dispatch records or union shop steward records showing dates and location(s) of your work.
- Worker's injury reports dated on or before September 11, 2003, documenting treatment of your injury that occurred at the site.
- Police memo book submitted with the front cover including supervisory signature and opening and closing dates.

Cited in Setech v. Unteim Special Master Aug E. Flentje
1-25cv0258; Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

### Examples of Documents to support Presence based on Residence:

NOTE: The documents listed below are not sufficient on their own, but will be reviewed in conjunction with other documents showing you were physically at the address during the relevant timeframe.

- Official government documents showing your residential address within the NYC Exposure Zone during the relevant period, such as W-2 forms, signed and dated tax returns, applications or documents in support of public housing residency, or copies of benefits payment stubs.
- Rental agreement, proof of rent payment, mortgage receipts, and/or utility bills that list your address within the NYC Exposure Zone.
- Court orders, such as custody or guardian agreements, that clearly show your address at that time.

- Medical records or insurance claims showing your home address.

### Examples of Documents to support Presence for those in School or Daycare:

NOTE: If you submit a certified transcript or school record as explained below, you do not need to submit any additional proof of presence with your claim. Please also see Section 1.9 for additional important information about these records.

- School or day care records and transcripts confirming your enrollment or attendance during the relevant time period. Documents in this category should be certified or be accompanied by a letter from an employee of the school or day care facility, or from your legal counsel (if an attorney is assisting you with your claim), confirming that the document submitted is a true and accurate copy.
- Alumni of Stuyvesant or any area school in the NYC Exposure Zone may email info@stuyhealth.org for assistance acquiring proof of attendance for their VCF claim.

Back to top

Cited in Setlech v Interim Special Master Aug E. Flentje
1-25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

## 1.8 Secondary Evidence of Presence

The two types of primary evidence described above (Third-Party Verification or Contemporaneous Documents) are the best evidence that an individual was present during the relevant period. The Special Master recognizes, however, that such documents may no longer exist or may be impossible to obtain. If you are unable to obtain these types of documents, the Special Master will consider sworn Witness Presence Statements from people who can attest to your presence at a 9/11 crash site or in the NYC Exposure Zone. The VCF needs very specific information and details in order to establish your presence on the basis of such statements and these statements will serve as acceptable proof only if the VCF determines that they are sufficiently reliable.

If you are submitting statements from witnesses as proof of your presence, you **must** use the VCF Witness Presence Statement form. **Effective February 1, 2023, the VCF will no longer accept affidavits as proof of presence.**[6] All witness statements in support of presence must use the Witness Presence Statement form.

Before asking someone to submit a Witness Presence Statement on your behalf, you should check Section 1.9 to learn more about the specific documents you can submit based on your individual circumstances.

**Witness Presence Statement**. To help you in gathering the information the VCF needs from those who can attest to your presence, the VCF has developed the **Witness Presence Statement** to help ensure that a witness is providing a thorough and complete response in support of your claim. The form includes detailed instructions on how to complete it and where to send it once it is complete. You should provide this form to individuals who witnessed you at the site or in the NYC Exposure Zone during the relevant time period. The person you ask to be a witness **must have personal knowledge** of your presence at a 9/11 crash site or along the routes of debris removal. In general, witnesses must show that they directly observed you at the eligible location, or must have been a supervisor or dispatcher who ordered you to that location and has knowledge that you in fact reported to the location.

Cited in Settlement Interim Special Master Aug E. Flentje 1:25cv02581 Decided 8/11/26 Archived on 8/12/26 This document is protected by copyright. Further reproduction is prohibited without permission.

The person you ask to be a witness must have been 18 years old or older on September 11, 2001. The only exception to the age requirement is for witnesses who were in high school at the time and who are submitting a Witness Presence Statement for a fellow student who was also in school at the time.

If you ask individuals to complete the Witness Presence Statement in support of your presence, and the Statements are the only proof of presence you plan to submit in support of your claim, you must submit Statements from a **minimum of two people** and at least one **must** be from an individual who is not related to you or to the Personal Representative or Guardian (when applicable). **Note:** the Witness Presence Statement is a template and use of it does not mean it will be determined to be sufficient by the VCF. We will review the Witness Presence Statement as part of the review of your claim and will contact you if additional information is needed.

If you submit one or more **Witness Presence Statements** as proof of presence, and we determine it lacks the required level of detail, we will not call the witness for the purpose of gathering the necessary detail and information regarding your presence. We will call the individual when we need to understand an inconsistency, confirm what appears to be a minor error (such as a date shown as

2011 instead of 2001), or to verify information already contained in the Witness Presence Statement. Therefore, you should be sure the witness follows the directions on the form and provides as much detail as possible when completing it.

If the VCF determines that a Witness Presence Statement lacks the required level of detail, your claim may be denied on that basis. Failure to provide detailed information relating to presence will result in the VCF sending you a "Missing Information" letter, which may result in your claim being denied if we are unable to get the additional detailed information needed to verify your presence.

Back to top

## 1.9 Presence Information for Specific Employers or Entities

Review our How to Prove Presence page for access to our Interactive Presence Guide. The guide will ask you questions and tell you what is required to prove presence based on your specific circumstances.

**** Note: Claimants Must Seek Presence Information from a Listed Employer, Entity or Union Before the VCF will Consider Witness Presence Statements ****

The VCF considers business records, including presence verifications from employers and work history reports from unions to be "best evidence". As such, if the claimant was employed by an employer or entity listed on the "Presence Information for Specific Employers or Entities" data table, the claimant must demonstrate that he/she sought to obtain presence information from the listed employer, entity, or union *before* the VCF will rely on Witness Presence Statements as proof of presence. This guidance applies to union members as well since unions are broadly included in the Specific Employers and Entities list. Specifically, if the claimant was present within the Exposure Zone performing work as a union member, the claimant should try contacting his/her union to determine what useful records, if any, may be available before asking the VCF to rely solely on Witness Presence Statements as proof of presence. Some unions require certain protocols, so it is important to consult the "Presence Information for Specific Employers or Entities" data table for more information on how to request presence information.

Cited in Setlech v Interim Special Master Aug E. Flentje
1-25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

If efforts to obtain information from the employer/entity/union are unsuccessful, the claimant and/or claimant's legal representative must upload a letter (signed under penalty of perjury) explaining the efforts taken to contact the employer/entity/union and describing the outcome. In the alternative, the claimant and/or legal representative may upload documents showing the efforts made and any responses received from the employer/entity/union in response to outreach; for example, email exchanges between the legal representative and the employer may suffice.

After receiving proof that a good faith effort was made to obtain presence documents from the claimant's employer/entity/union first, the VCF will consider other acceptable evidence, including Witness Presence Statements.

The table below provides an at-a-glance resource of some of the most common employers and organizations. We encourage you to use the Interactive Presence Guide for a detailed explanation of what you need to prove presence.

| **Basis for Presence:** ***Why you were There*** | **Best Presence Evidence:** ***What you should submit with your Claim*** | **Helpful Information for Obtaining Documents** |
|---|---|---|
| **City of Albany Fire Department** | **Nothing!** The VCF already has the information from the Albany Fire Department. | |
| **Arlington County Fire Department** | **Nothing!** The VCF gets the information directly from the Arlington County Fire Department. | |
| **Asbestos, Lead & Hazardous Waste Laborers' Union Local 78** | Certified Local 78 Member Work History Form | |
| **Bank of America (and its predecessors, including Merrill Lynch)** | 9/11 Work Location History Letter | Contact BOA Service Center at **1-800-556-6044** and request a "9/11 Work Location History" letter detailing the victim's specific work locations between September 11, 2001 to May 30, 2002. Instruct them to send the letter directly to VCF.Thirdpartyverification@usdoj.gov. |

Cited in Setech v Interim Special Master Aug E. Flentje 1-25cv02584 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

| | | |
|---|---|---|
| **Borough of Manhattan Community College (BMCC) - Student** | **Student** – Official Transcript | Request an official transcript using link on https://www.bmcc.cuny.edu/about-bmcc/9-11-and-bmcc/911-victims-information-resources/document-your-proof-of-presence/. Transcript can be sent directly to VCF or by Claimant. |
| **College/University Student** | Official Transcript | |
| **Consolidated Edison (ConEd)** | **Nothing!** The VCF gets the information directly from ConEd. | |
| **CWA Local 1101** | **Nothing!** The VCF gets the information directly from Local 1101. | |
| **FBI** | FBI Proof of Presence Letter | Contact the FBI call center at **202-324-3333** or email FBI911RespondersHelp@fbi.gov and request an FBI “proof of presence” letter showing where and when the victim was working while responding to 9/11. Once it is received, upload the letter to your VCF claim. |
| **FDNY Uniformed Firefighters** | **Nothing!** The VCF gets the information directly from FDNY. | |
| **High School Student** | Official Transcript | Contact info@stuyhealth.org if you have problems getting your records from any area high school. |
| **JP Morgan Chase** | Work Location History Letter | Contact JP Morgan Chase at hrsd.employee.verifications@jpmchase.com with your full name and last four SSN digits and request a work location history letter. Instruct them to send the letter directly to VCF.Thirdpartyverification@usdoj.gov. |
| **Local 78** | Certified Local 78 Member Work History Form | |

Cited in Setlech v Interim Special Master Aug E. Flentje 1-25cv02581 Decided 8/1/26 Archived on 8/12/26 This document is protected by copyright. Further reproduction is prohibited without permission.

| | | |
|---|---|---|
| **New Jersey State Police** | Presence Verification Letter | Contact Lawrence Yarson by email at Lawrence.Yarson@njsp.gov or call 609-882-2000, ext. 2620; or Dianna Sampson by email at Dianna.Sampson@njsp.gov or call 609-882-2000, ext. 2672, and request a letter documenting the dates and location of your deployment to the NYC Exposure Zone during the period beginning on September 11, 2001, through May 30, 2002. |
| **New Rochelle Police Department** | **Nothing!** The VCF gets the information directly from the New Rochelle Police Department. | |
| **Office of the New York City Comptroller** | **Nothing!** The VCF gets the information directly from the Office of the New York City Comptroller. | |
| **NYC Department for the Aging** | Third Party Verification (TPV) form | Submit a blank copy of the VCF's Third Party Verification (TPV) form (found at vcf.gov) to the NYC Department for the Aging by email at benefitsleave@aging.nyc.gov, and request completion of the TPV form to include your specific work locations between September 11, 2001, and May 30, 2002. Please request the NYC Department for the Aging to then send the TPV form directly to the VCF at VCF.Thirdpartyverification@usdoj.gov.<br><br>Notify the VCF once you have requested the letter, so we know to expect it in support of your claim. You can notify us by uploading a note to your claim or by calling our Helpline at 1-855-885-1555. |
| **NYC Department of Corrections** | Presence Verification Letter | Contact Zenobia Daniel by email at Zenobia.Daniel@doc.nyc.gov and copy the HR Employee Services at HREmployeeServices@doc.nyc.gov, and request a "VCF Verification" letter detailing your specific work locations between September 11, 2001, and May 30, 2002.Ask Ms. Daniel to send the letter directly to VCF.Thirdpartyverification@usdoj.gov. |
| **Resident living in NYC Public Housing** | Salary Declarations or Affidavits of Income for public | |

Cited in Setlech v. Interim Special Master Aug E. Flentje
1-25cv-2581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

| | | |
|---|---|---|
| | housing dated between 9/11/2001 and 5/30/2002 | |
| **New York City Department of Sanitation** | **Nothing!** The VCF gets the information directly from the Department of Sanitation. | |
| **New York City Transit Authority (NYCTA)** | Provide your New York City Transit Authority employee identification number to the VCF. We will compare this number to records we have received from TWU Local 100 to confirm that you were present in the NYC Exposure Zone. | |
| **New York State Department of Environmental Conservation** | VCF Third Party Verification Form completed by an authorized employer representative | You should contact human resources by email at Personnel@dec.ny.gov or call 518-402-9273 and request that they directly send the VCF an employer verification letter. In the body of the email, they should include the following: your first name, last name, last four digits of your social security number, your location between September 11, 2001 and May 30, 2002, permission to disclose the information to the VCF, and the VCF's official email address, VCF.Thirdpartyverification@usdoj.gov, which is where human resources can directly send their response. |
| **New York State Police** | Presence Verification letter | Contact the NYSP Medical Monitoring Unit at **518-485-5044** or hresource@troopers.ny.gov and request a letter documenting dates and locations of deployment. |
| **New York State Unified Court System** | "Employee Certification of Participation in World Trade Center Rescue, Recovery or Clean Up Operations" form **or** an | Contact Shelley Makund at smakund@nycourts.gov and request an "Employee Certification of Participation in World Trade Center Rescue, Recovery or Clean Up Operations" form if you are asserting presence in the New York City Exposure Zone as a responder. Ms. Makund will ask you to fill it out |

Cited in Setlech v. Interim Special Master Aug E. Flentje
1-25-cv-02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

| | | |
|---|---|---|
| | "Employment Verification" letter | and send it back to her so she can have it certified by your supervisor.<br><br>If you are asserting presence as an employee who did not participate in the World Trade Center Rescue, Recovery or Clean Up Operations, request an "Employment Verification" letter instead.<br><br>Ask Ms. Makund to send the completed form **or** the employment verification letter directly to VCF.Thirdpartyverification@usdoj.gov. |
| **Other Employers** | VCF Third Party Verification Form completed by an authorized employer representative | Be sure your employer sends the completed form directly to VCF.Thirdpartyverification@usdoj.gov |
| **Other Union** | Certified work history showing dates and locations worked | |
| **Other School (Elementary School and Middle School)** | Victim's certified report card or official transcript | |
| **Port Authority of New York and New Jersey** | Nothing! The VCF gets the information directly from Port Authority. | |
| **Red Cross** | If you were a Red Cross volunteer in the NYC Exposure Zone during the period beginning September 11, 2001, through May 30, 2002, you should submit contemporaneous documents or VCF Witness Presence Statements demonstrating that you were physically present in the NYC Exposure Zone. You should submit these | |

Cited in Sellech v Interim Special Master Aug E. Flentje 1-25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

| | | |
|---|---|---|
| | presence documents when you submit your claim. Although the VCF will contact the Red Cross directly to confirm your work as a volunteer, the information they provide to us does not include sufficient detail to prove your presence. Please do not contact the Red Cross for documents or information. Contacting the Red Cross directly will not expedite the processing of your claim and, in fact, may delay the claim by tying up limited resources at the Red Cross. | |
| **Salvation Army** | Call the VCF Helpline at **1-855-885-1555** and ask to have your **Salvation Army badge** number added to your claim. | You do **not** need to submit any proof of presence with your claim if you call the VCF and provide your badge number. |
| **Shanksville Volunteer Fire Department** | **Nothing!** The VCF gets the information directly from the Shanksville Fire Department. | |
| **Suffolk County Police Department** | Presence Verification Letter | Contact the Suffolk County Police Department by email at scpdmeu@suffolkcountyny.gov and request a third-party verification letter detailing your specific work locations between September 11, 2001, and May 30, 2002. Ask the Suffolk County Police Department to send the letter directly to VCF.Thirdpartyverification@usdoj.gov. |
| **Teachers Retirement** | Presence Verification Letter | Contact Aneilla Netram by email at hrinquiry@trs.nyc.ny.us and request a third-party verification letter detailing your specific work |

Cited in Settech v Interim Special Master Aug E. Flentje 1-25cv02581 Decided 8/11/26 Archived on 8/12/26 This document is protected by copyright. Further reproduction is prohibited without permission.

| | | |
|---|---|---|
| **System of the City of New York** | | locations between September 11, 2001, and May 30, 2002. Ask Ms. Netram to send the letter directly to VCF.Thirdpartyverification@usdoj.gov. |
| **TWU Local 100** | Union documents showing location and dates worked. | Email the TWU Local 100 at correspondence@twulocal100.org and ask for help figuring out what you can submit to prove presence for your VCF claim. Ask them to send any documents showing where and when the victim was working between September 11, 2001 and May 30, 2002 directly to the VCF at VCF.Thirdpartyverification@usdoj.gov. |
| **US Immigration and Customs Enforcement (ICE)** | Presence Verification Letter | Contact the ICE 9/11 Program Benefits Office at ICE.911@ice.dhs.gov and request an ICE "proof of presence" letter. |
| **US Secret Service** | Presence Verification Letter | Contact Stephen Alvernaz at stephen.alvernaz@usss.dhs.gov and request a "VCF Verification" letter detailing your specific work locations between September 11, 2001, and May 30, 2002. Ask Mr. Alvernaz to send the letter directly to VCF.Thirdpartyverification@usdoj.gov. |
| **Verizon** | VCF Third Party Verification Form completed by an authorized employer representative | Email a blank copy of the VCF's Third Party Verification (TPV) form to Verizon at hr-verify-records@verizon.com, and request completion of the TPV form to include your specific work locations between September 11, 2001, and May 30, 2002. Please request Verizon to then send the TPV form directly to the VCF at VCF.Thirdpartyverification@usdoj.gov. You must provide this email address and specifically ask them to email the completed TPV form to the VCF. |
| **Volunteers Who Signed in at Trinity Church or St. Paul's Chapel** | The VCF has records of volunteers who signed in at Trinity Church at Broadway & Wall Street or St. Paul's Chapel at Broadway & Fulton Street. If you remember signing in as a volunteer at Trinity Church or St. Paul's Chapel, you should submit a written statement with your claim with the following information: (1) note specifically | |

Cited in Setlech v. Interim Special Master Aug E. Frantz, 1-25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

| | | |
|---|---|---|
| | that you signed in at Trinity Church while volunteering; (2) list the specific date(s) you recall signing in; and (3) provide the name of the group you volunteered with (if applicable) or a description of the type of work you were doing as a volunteer. | |

*Do you know other individuals who might be eligible for VCF compensation? You can help by sharing resources from our website or working with our staff to provide information to your community.*

*To contact the VCF for assistance in outreach to your community, email: [VCF.outreach@usdoj.gov](mailto:VCF.outreach@usdoj.gov).*

*To find resources that you can use to help spread awareness, visit our [Outreach]() page.*

Cited in Setlech v Interim Special Master Aug E. Flentje
1-25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

Back to top

## 1.10 Insufficient Evidence of Presence

The VCF verifies and authenticates all documents you submit with your claim.  When you submit your complete claim form and we begin reviewing your claim, we will review each presence document.  We will send you a “Missing Information” letter if the documents you submitted do not have the detailed information we need in order to prove you were there.  The letter will explain why the document(s) was not sufficient, and will include information about what you can do to correct the document, or suggest additional ways you may prove your presence.

**Victim Presence Statements, Impact Statements and Lone Photographs Do NOT Qualify as Acceptable Proof of Presence Documents**

If the *only* documents submitted as proof of presence are one or more of the following: Victim Presence Statements, Impact

Statements, and/or Lone Photographs - the claim will be procedurally denied for lack of proof of presence documents.

However, if you submit one or more of these three types of documents *in addition to* at least one acceptable proof of presence document (for example an impact statement *in addition to* an employer letter, or a victim presence statement *in addition to* a witness presence statement, or a photograph *in addition to* a payroll record) then the claim, if otherwise in good order, will proceed to substantive review.

**Rationale**

Impact Statements and Victim Presence Statements are self-prepared documents and are considered less reliable than third-party evidence when it comes to satisfying proof of presence.  The VCF considers impact statements and victim presence statements during eligibility review when said statements are accompanied by third-party evidence.

Photographs alone cannot be relied on to prove presence because the VCF cannot independently verify or authenticate random photos. Claim reviewers may find photos useful when accompanied by other *acceptable* evidence; but when the only document uploaded to the claim are photos (or photos along with an Impact Statement and/or a Victim Presence Statement) then the claim will be considered devoid of proof of presence documents and will be procedurally denied.

Cited in Setleh v. Interim Special Master Aug E. Flentje
1-25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

If your claim is denied for lack of proof of presence, it does not mean the VCF does not believe that you were present during the relevant timeframe.  A denial means the documentation you submitted in support of your presence was not sufficient to meet the VCF's needs.  If your claim is denied, we encourage you to request an appeal following the directions in the letter so that you can provide testimony in support of your claim.

For some claimants, telling their story about their time at a 9/11 crash site or in the NYC Exposure Zone is the only way to prove their presence.  By doing so at an appeal hearing, the VCF can ask clarifying questions to help evaluate the claim.

If you have exhausted every option available to you to try and find documentation to support your presence at a 9/11 crash site or in the NYC Exposure Zone during the relevant timeframe, and you cannot find any documents to submit with your claim, you may

request that the VCF deny your claim and provide you the opportunity to provide testimony about your presence at an appeal hearing. Additional information about the VCF appeals and hearings process can be found in Section 4.

If you want to request that your claim be denied because you are not able to locate documents that show your presence, you should submit a letter to the VCF with a detailed explanation of the documents you have attempted to locate and the reason they were not available, and request a denial for purposes of holding an eligibility hearing. The VCF will deny your claim and will send you a letter with instructions on how to appeal.

Back to top

## 1.11 VCF 1 Claims

Cited in Setlech v. Interim Special Master, Aug E. Flentje 1:25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

If you were found eligible for compensation in VCF1, you are eligible to amend your claim and seek additional compensation. You may be eligible for additional compensation if:

- You suffered a new physical injury or condition that you had not suffered at the time of the VCF1 claim filing or that was not compensable at the time of VCF1.
- You suffered a new loss that you had not suffered at the time of the VCF1 claim filing – for example, if you were previously compensated for non-economic loss only and have since been determined to be totally disabled due to an eligible condition, you can amend the claim to seek economic loss.
- Your prior eligible condition has substantially worsened, resulting in damages or loss that was not previously compensated.

Note: There are two objectives when evaluating whether a claimant who already received an award in VCF1 should be awarded additional compensation in VCF2 for exacerbated or new injuries: (1) avoiding the reassessment or recalculation of any component of the VCF1 award or changing any assumption applied in making that calculation, and (2) avoiding duplication of any component of the award that was already made in VCF1. Thus, the amount of compensation you received in VCF1 will be considered when determining whether additional compensation should be awarded. As a general rule, the compensation you receive in this iteration of the VCF ("VCF2") will be calculated based on the amount of compensation any similarly situated person who filed a claim only in VCF2 would receive; any

compensation you received in VCF1 will then be applied as an adjustment to the award.

In most cases, you do not need to submit proof of presence as otherwise required if you were deemed eligible for VCF1 (see **Section 1.6** for more information on proof of presence). The VCF will contact you if any additional information is needed.

Back to top

# 1.12 Eligibility Review and Determination

## a. Preliminary Review

Back to top

Once you submit your claim, it proceeds through an Automated Document Check process as a first step before it moves to Preliminary Review. This process, which is entirely automated, checks to confirm the receipt of two specific documents the VCF must have before we can begin processing a claim:

- Complete **Signature Page**
- Exhibit A – "Authorization for Release of Medical Records" (**Personal Injury Exhibit A** or **Deceased Victim Exhibit A**)

Cited in Setlech v Interim Special Master Aug E. Flentje 1:25cv02584 Decided 8/11/26 Archived on 8/12/26 This document is protected by copyright. Further reproduction is prohibited without permission.

After allowing time for these documents to be received by the VCF, the automated process will confirm that both documents are present in the online system according to the document type associated with each document. Be careful to select the correct document type when uploading documents to claims in the online system. If one or both of these documents are missing, the system will automatically move the claim to "Denied" status and an automated letter will be generated to explain what you need to do to reactivate the claim. Note: The automated process will not confirm sufficiency or completeness of these documents – this will be done by a VCF team member during preliminary review. If the claim is denied as a result of the automated process, once the required documents are received, the claim will be reactivated for preliminary review.

During Preliminary Review, the VCF will confirm that all of the "minimally required" documents have been submitted. In addition to a complete Claim Form, we require the documents listed below before your claim can move forward for a more substantive review. **Note: the VCF does not accept electronic**

**signatures on any of its forms and documents.** Many of the third-party entities with whom we exchange information on your behalf also do not accept electronic signatures. To ensure there is no delay in the processing of your claim, please submit your document(s) with the appropriate signature where required.

- Complete **Signature Page**
- Original and signed Exhibit A – “Authorization for Release of Medical Records” (**Personal Injury Exhibit A** or **Deceased Victim Exhibit A**)
- Confirmation from the WTC Health Program that you have at least one physical condition certified for treatment. The VCF will contact the WTC Health Program directly to confirm you have an eligible certified condition.
- Proof of Presence documents as specified in **Section 1.6**
- **Exhibit 1** – “Social Security Administration Consent Form” (required only if you are claiming economic loss)
- VCF Client Authorization Form (on a form to be provided by your attorney, if applicable) to deposit the payment on your claim to your attorney’s bank account or an **ACH payment form** if payment on your claim will be deposited to your bank account

Cited in Setlech - Interim Special Master Aug E. Flentje
1-25cv02381 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

Once we confirm we have a complete Signature Page and Exhibit A, we contact the WTC Health Program for information about your certified condition(s).

If any of the above documents are missing or insufficient, or if the WTC Health Program notifies us that you do not have a certified physical condition, the VCF will place the claim in “Denied” status. We will send you a letter explaining what you need to do to reactivate the claim. Once you submit the required documents, we will verify all the information is sufficient, and reactivate the claim for review. If applicable, the VCF will also request information from certain government entities, employers, and other third parties that may support presence for VCF purposes.

Back to top

## b. Substantive Eligibility Review

Once we have all documents required for processing, we begin substantive review of the claim to determine if you meet the eligibility criteria set forth in the statute and implementing regulations based on the information and/or documentation in your claim file (see **Section 1.1**). This includes confirming that (a) the claim was registered by the applicable deadline, (b) you have an eligible 9/11-related physical condition, (c) there is sufficient

documentation to demonstrate that you were present at the site, and (d) any 9/11-related lawsuits have been timely resolved.

If we need something further in order to determine your eligibility, you will receive a missing information letter.  It is important that you respond to all missing information letters within the timeframe specified in the letter.  If you do not respond to our missing information request after 14 days, we will render a decision based on the information contained in your file at that time.

In some instances, we will not require further information in order to determine your eligibility. Instead, you will receive an eligibility decision based on information and evidence contained in your file *without* receiving a missing information letter first. Specifically, if we are unable to determine eligibility because the presence evidence in your claim is insufficient, you will receive a letter notifying you that eligibility is denied due to insufficient proof of presence and advising that an appeal hearing is necessary to address and resolve the insufficiencies.

You will receive a letter from the VCF explaining the eligibility decision on your claim. If you are found to be eligible for compensation, the letter will list the physical injury or conditions for which you have been found eligible. These are the conditions that the VCF will consider when calculating the amount of your award.  If eligibility is denied, the letter will explain how to appeal the decision or how to amend your claim in the future when you are able to provide the additional information for consideration.

Cited in Setleh v Interim Special Master Aug E. Flentje
1-25-cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

Back to top

## 1.13 Claims Filed on a Victim's Behalf

If you are filing a claim on the victim's behalf, you must show that you have the legal authority to do so.  This includes Personal Representatives filing a claim for a deceased victim, and court appointed guardians filing a claim for an incapacitated adult.

Only those authorized by law or court order may pursue a claim on behalf of another individual.  In order to process a claim filed by someone other than the victim, the Special Master must first validate the individual's authority to represent the victim for the

VCF claim. Different types of documentation are required depending on the representative's relationship to the victim.

If you are filing a claim on the victim's behalf, you must submit the documents that are required for the VCF to validate your authority as an authorized representative. The list of required documents is explained in the subsections below according to the type of claim you are filing. **The VCF does not require you to submit original documents**.

If you are the parent of a young adult child and are helping your child with his or her VCF claim, the claim form must be completed by the adult child as a "self" claim in the victim's name, with all applicable exhibits and supporting documents signed by the victim. The adult child can then authorize the VCF to share information about the claim with a parent by adding the parent as an "Alternative Contact" on the claim form. The adult child may also grant the parent online access to the claim in the VCF claims system. NOTE: The parent should **not** be listed on the claim form as an "Authorized Representative" as this designation is only applicable to Personal Representatives of deceased individuals, and court-appointed guardians of incapacitated adults.

Back to top

## a. Personal Representative of a Deceased Victim

- Victim's Death Certificate: If possible, please submit the "long form" version of the death certificate, which lists the cause of death.
- Letters of Administration, Letters Testamentary, or other Court Order showing the appointment as the Personal Representative, Executor of Will, or Administrator of the Estate.
  - Your court order may include limitations. Some limitations do not interfere with the VCF's ability to validate the Personal Representative, while other limitations may impact the VCF's ability to process the claim. See the **Instructions for Letters of Administration with Limitations** for more detailed information.
  - If you submit Letters of Administration, Letters Testamentary, or other Court Order that includes limitations that interfere with the VCF's ability to process or pay your claim, you will be advised in writing and given time to obtain the appropriate documentation.

Cited in Setlech v. Interim Special Master Aug E. Flentje
1-25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

  - In very limited circumstances where the Personal Representative is unable to obtain Letters of Administration, Letters Testamentary, or other Court Order, the Special Master may appoint a Personal Representative for purposes of the VCF claim. You must first attempt to obtain an appointment from the state probate or surrogate court where the victim lived. Please note that this option is generally available only when legal or geographical obstacles mean that the representative is unable to open an estate to obtain an appointment. For more information, please see the information on **Appointment of a Personal Representative**.
- Proof of Victim's Cause of Death: This may be included on the victim's death certificate. If it is not included on the death certificate, other documents sufficient to show proof of cause of death may include a hospital discharge summary, or the victim's final medical records.
- A complete **Claim Form Signature Page**: This must be signed by the Personal Representative.
- *If the Personal Representative has filed an amendment to a personal injury claim that was originally filed by the victim, a complete Claim Form* ***Appendix A*** *is required.*

Cited in Settlech v. Interim Special Master Aug E. Flentje 1-25-cv-02581 Decided 8/11/26 Archived on 8/12/26 This document is protected by copyright. Further reproduction is prohibited without permission.

**Claims with Co-Personal Representatives:** If the court has appointed multiple individuals as co-Personal Representatives for the victim's estate, the co-Personal Representatives must designate among themselves who will serve as the Lead Personal Representative ("Lead PR"). The Lead PR is the individual who the VCF will primarily communicate with regarding the claim, and the individual to whom the VCF will issue any payment on the claim. The "VCF Lead Personal Representative Designation Form" includes information about the role of the Lead PR, and a summary of the rights and responsibilities of the other co-Personal Representatives. The form includes instructions for completing and submitting the form. See Section 6.5 for additional details and important information regarding the documentation that must be submitted, specific instructions for signing and submitting each of the required authorizations and forms, and an explanation of how any payment will be made on the claim.

Back to top

## b. Guardian of an Incapacitated Adult

- Court Order Appointing Guardianship.
  - *Please note that the VCF does not generally accept Powers of Attorney to fulfill this requirement.*
- A complete **[Claim Form Signature Page]** signed and initialed by the court-appointed guardian.

[1] Please note that a determination of this sort, which is sufficient to establish that the claimant reasonably should have known that he or she was eligible to file a claim, is not necessarily sufficient to establish that a claimant suffers from an “eligible condition” or that the claimant has a disability that warrants an economic loss award.

[2] The VCF clarified the rule regarding lawsuit settlements and newly covered conditions in November 2016. Lawsuits filed after November 2016 are prohibited by the general statutory requirement that a claimant cannot have an active 9/11–related lawsuit at the same time as a VCF claim. Filing a lawsuit after November 2016 waives your right to file a claim with the VCF.

[3] The VCF clarified the rule regarding lawsuit dismissals and newly covered conditions in November 2016. Lawsuits filed after November 2016 are prohibited by the general statutory requirement that a claimant cannot have an active 9/11–related lawsuit at the same time as a VCF claim, and filing a lawsuit after November 2016 waives your right to file a claim with the VCF.

[4] The VCF and the WTC Health Program use two different geographic areas and two different timeframes during which an individual needed to be at a 9/11 site. The VCF’s “New York City Exposure Zone” is used to determine an individual’s presence for VCF eligibility purposes (and is not dependent on the length of time the individual was at the site), while the WTC Health Program’s “New York City Disaster Area” is used to determine certification for treatment and requires a minimum amount of time spent in the designated area. It is therefore possible that an individual may be “present” for VCF purposes, but not eligible to be certified for treatment by the WTC Health Program, and therefore not eligible for compensation from the VCF. The geographic area used to confirm an individual’s presence for purposes of their VCF claim can be found at https://www.vcf.gov/nycExposureMap.html.

[5] Please note that this is different from the rules applicable to the WTC Health Program. In the Health Program, “exposure” is defined as the duration of time (hours) between September 11, 2001, and July 31, 2002, that an individual was within the defined

Cited in Settle v Interim Special Master Aug E. Flentje
1:25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

NIOSH "New York City Disaster Area" and inhaled a specified level of dust and/or smoke. The WTC Health Program website includes a map of the NIOSH-defined "New York City Disaster Area," along with detailed information about the number of hours, dates, and levels of exposure that are required for purposes of certifying a condition for treatment.

[6] If you asked someone to write an affidavit on your behalf and the affidavit is signed and dated prior to this date, the VCF will accept the affidavit even if it is submitted after February 1, 2023.

**Topics:** Policies and Procedures, Registration and Other Deadlines

## September 11th Victim Compensation Fund

VCF Helpline 1-855-885-1555

**Mailing Address:**
September 11th Victim Compensation Fund
P.O. Box 34500
Washington, D.C. 20043

**About The Fund**
**Contact Us**

**Stay Connected with the VCF:**

@Sept11VCF

Cited in Setlech v Interim Special Master Aug E. Flentje
1-25cv02581 Decided 8/11/26
Archived on 8/12/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

## Department of Justice Links

Department of Justice Home Page
Legal Policies and Disclaimers
Privacy Policy
Accessibility
Civil Division Home Page
Civil Division Freedom of Information Act